UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:12-cr-0210-SEB-TAB-1 |
| | ) | |
| GAYLE GENE GARLING, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on August 22, 2014, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on September 5, 2014, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On September 5, 2014, defendant Gayle Gene Garling appeared in person with his appointed counsel, Joe Cleary. The government appeared by Gayle Helart, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Tim Hardy, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Garling of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Garling questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Garling and his counsel, who informed the court they had reviewed the Petition and that Mr. Garling understood the violations alleged. Mr. Garling waived further reading of the Petition.

3. The court advised Mr. Garling of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Garling was advised of the rights he would have at a preliminary hearing. Mr. Garling stated that he wished to waive his right to a preliminary hearing.

4. Mr. Garling stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Garling executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Garling of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Garling, by counsel, stipulated that he committed Violation Numbers 1, 2, 3, 4 (in part), and 5 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | "**The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.**" |
| 2 | "**The defendant shall not unlawfully possess a controlled substance.**" |
| 3 | "**The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.**" |

On October 10, 2013, a Report on Offender Under Supervision was filed alleging the offender tested positive for cocaine on June 7, 2013. As a result of the violation, he was referred for substance abuse testing at a contracted facility and no other action was taken by the Court.

On June 9, 2014, Gayle Garling tested positive for methamphetamine. One June 20, 2014, during a search of his of his residence, he admitted using methamphetamine. Contraband seized as a result of the search included drug paraphernalia. On July 8, 2014, a Request to Modify the Conditions or Terms of Supervision With Consent of the Offender was filed. The offender's conditions of supervision were modified to include 120 days of location monitoring and participation in substance abuse testing and treatment.

On August 7, 2014, Gayle Garling tested positive for methamphetamine. This constitutes his second possible drug screen for methamphetamine during supervision, and his third positive for illegal drug use.

| | |
|---|---|
| 4 | "**The defendant shall not commit another federal, state, or local crime.**" |

On August 13, 2014, Gayle Garling was arrested and charged with Theft and Battery Resulting in Bodily Injury in Marion County, Indiana, under cause number 49G09-1408-CM039463. According to the Probable Cause Affidavit, the offender attempted to exert unauthorized control of merchandise from a Walmart store totaling $624.89. He also assaulted a loss prevention employee while attempting to flee the store. On August 15, 2014, he posted $100 bond and was released. His next court hearing is set for August 29, 2014, in Marion County Superior Court 7.

| | 5 | **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."** |

> On August 13, 2014, the offender was arrested for Theft and Battery in Marion County, Indiana. One August 15, 2014, he posted bond and failed to notify the probation officer of the arrest within seventy-two hours.

7. The court placed Mr. Garling under oath and directly inquired of Ms. Garling whether he admitted violations 1, 2, 3, 4 (in part), and 5 of his supervised release set forth above. Mr. Garling admitted the violations as set forth above. In regards to violation 4, Mr. Garling admits that he was arrested and allegations were made, but does not admit to committing the crime itself.

8. The parties and the USPO further stipulated that:

    (a) The highest grade of Violation (Violation 3) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

    (b) Mr. Gibson' criminal history category is I.

    (c) The range of imprisonment applicable upon revocation of Mr. Reeves' supervised release, therefore, is 4-10 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties agreed on the appropriate disposition of the Petition to recommend to the court as follows: (a) the defendant's supervised release is to be revoked; (b) the defendant will be sentenced to the Bureau of Prisons for a period of twelve (12) months and one (1) day, with no supervised release to follow; (c) the defendant is to be taken into immediate custody.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, GAYLE GENE GARLING, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of

the Attorney General or his designee for a period of twelve (12) months and one (1) day, with no supervised release to follow. The defendant is to be taken into immediate custody.

Counsel for the parties and Mr. Garling stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and Federal Rule of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Garling entered the above stipulations and waivers after being notified by the undersigned magistrate judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Garling's supervised release, imposing a sentence of imprisonment of twelve (12) months and one (1) day, with no supervised release to follow. The defendant is to be taken into immediate custody.

IT IS SO RECOMMENDED.

Date: September 15, 2014

                                            Debra McVicker Lynch
                                            United States Magistrate Judge
                                            Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal